RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/5/05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Destiny Braxton | Civil Action No. 05-1465 |
| Versus | Judge Tucker L. Melançon |
| Janssen Pharmaceutical Inc. | Magistrate Judge Mildred E. Methvin |

MEMORANDUM ORDER

Before the Court is Motion To Remand filed by plaintiff Destiny Braxton. Plaintiff filed this action on July 7, 2005 in the Sixteenth Judicial District Court, St. Mary Parish, Louisiana, alleging that as a direct result of her use of the defective drug, Risperdal, she suffered severe seizures for which defendant is liable. *(R. 1, ¶3)*. Defendant Janssen Pharmaceutical, Inc. filed a Notice of Removal pursuant to Title 28 of the United States Code section 1332 on August 12, 2005 and an Order of Removal was issued on August 29, 2005. *(R. 3; 6)*. In her motion to remand, plaintiff represents that the amount in controversy in this case does not exceed Seventy-five Thousand Dollars ($75,000.00). *(R. 7)*. Defendant argues that "[d]espite plaintiff's contention that her damages do not exceed $75,000, it is apparent from the face of the Petition that Plaintiff's damages do in fact exceed $75,000." *(R. 11)*.

The removing party bears the burden of establishing that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The standard of proof to be applied when a plaintiff's complaint does not allege a specific amount of damages, as is the case here, requires the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. See *Allen v. R.*

& H. Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.1995) *citing De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993). Defendant can make a showing by a preponderance of the evidence in either of two ways: (1) by demonstrating that it is facially apparent that the plaintiff's claims are likely above $75,000.00, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit, that support a finding of the requisite amount. *Allen*, 63 F.3d at 1335. If the defendant meets its burden in either of these ways, the plaintiffs must then show to a legal certainty that their claims are really less than $75,000. *DeAguilar*, 47 F.3d at 1412. As to plaintiff's "legal certainty," the Fifth Circuit has stated that the plaintiff's obligation might be met in various ways, for example, "[p]laintiff's state court complaint might cite [] to a state law that prohibits recovery of damages that exceed those requested in the ad damnum clause and that prohibits the initial ad damnum to be increased by amendment. Absent such a statute, [l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *Id.*

Defendant asserts that plaintiff alleges in her complaint that as a result of taking Risperdal "she has sustained painful and serious injuries and damages which are described as follows: (a) Severe seizures; (b) Emotional distress and mental anguish." *(R. 1, ¶9).* Plaintiff also seeks damages for loss of earning capacity and future medical expenses in her claims that "she has sustained the injuries and damages hereabove described that have caused her agonizing pain, severe physical and mental shock, emotional distress, loss of wages and other damages for which she

is entitled reasonable and adequate compensation." *(R. 1, ¶11)*. Defendant also asserts that prior to filing the instant action, counsel for plaintiff filed sixteen Risperdal related suits on behalf of individual plaintiffs in the State of Louisiana asserting identical injuries as the plaintiff in this suit. *(R. 11, p. 5)*. Defendant represents that all of the prior actions were either filed in or successfully removed to federal court, indicating that each of the claims met the requirements for diversity jurisdiction. *Id. at Note 3.*

Based on the foregoing, the Court finds that the defendant has established by a preponderance of the evidence that the apparent amount in controversy exceeds $75,000. As a result, the plaintiff must show with legal certainty that her claims are really less than $75,000. Plaintiff directs the Court to her complaint which states that the damages being sought are less than $75,000. *(R. 7)*. Paragraph 12 of plaintiff's state court petition provides, "Plaintiff shows that the amount of damages being sought is less than Seventy Five Thousand and no/100 ($75,000.00) Dollars." *(R. 1, ¶12)*. As plaintiff has only alleged that the amount in controversy does not exceed $74,999, she has not provided a "binding stipulation or affidavit" as required by the Fifth Circuit. Nor has plaintiff addressed that Louisiana courts, under La.Code Civ. Proc. art. 862, may grant a successful party relief which was not demanded in its pleadings. LA C.C.P. Art. 862; *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002)("Louisiana Code of Civil Procedure article 862 provides that state courts will grant to a successful plaintiff the relief to which she is entitled, even if she has not demanded such relief."). Accordingly,

IT IS ORDERED that the motion to remand filed by plaintiff, Destiny Braxton, [Rec. Doc. 7] is DENIED.

Thus done and signed this 5th day of October, 2005 in Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

COPY SENT
DATE 10/5/05
BY
TO